UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY SALDANA, <br><br> Petitioner, <br><br> v. <br><br> KEN CLARK, Warden, <br><br> Respondent. | NO. CV 07-1373-SVW (AGR) <br><br> ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the First Amended Petition ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), the Objections to the R&R filed on June 9, 2010, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. Petitioner's objections are overrruled.

In Ground Two, Petitioner argued that his counsel was ineffective for five different reasons (sub-claims). (R&R at 35.) In Sub-Claim Two, Petitioner contended that his counsel should have investigated certain facts without identifying the facts in either the Petition or the reply. (*Id.* at 38.) Accordingly, the R&R recommended dismissal of the sub-claim. (*Id.* (citing *James v. Borg*, 24

F.3d 20, 26 (9th Cir. 2004) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")

In his Objections, Petitioner states for the first time that his counsel failed to investigate "evidences [sic] supporting petitioners [sic] alibi that he attended Magic Mountain, and witnesses supporting that defense. No attempts were made to contact Magic Mountain personnel." (Objections at 5.)

This new sub-claim is unexhausted. (*See generally* Lodged Document ("LD") 10 (habeas petition before the California Supreme Court); *see Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (a petitioner who alleged ineffective assistance in state court cannot "add unrelated alleged instances of counsel's ineffectiveness to his claim" to his federal petition).

Federal habeas relief is not available for unexhausted grounds. 28 U.S.C. § 2254(b)(1). However, an unexhausted claim may be denied on the merits when it is "perfectly clear" that the claim does not raise a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

In Ground One, Sub-Claim Five, Petitioner alleged the trial court erred in denying a motion for a new trial. (R&R at 23, 28.) Specifically, Petitioner argued that his counsel (Cho) failed to interview three potential witnesses (Mercado, Garcia and Ruben Saldana) who would have supported Petitioner's alibi defense.[1] (*Id.*) None of the three witnesses worked at Magic Mountain. (*Id.* at 28-30.) The trial court held an evidentiary hearing at which Cho testified that he and Petitioner had "discussed on many occasions if there was anybody at Magic Mountain that would remember him and Karla [sic] being there." (LD 18 at 10535.) Cho also testified that he "pursued several other witnesses that attempted to corroborate [Petitioner]'s story." (*Id.* at 10536.) Petitioner also testified at the evidentiary hearing. Specifically, he testified that he and Cho had

---

[1] The R&R recommended denial of this sub-claim. (R&R at 26-33.)

2

had "numerous conversations regarding my whereabouts on the day in question, regarding the people that can verify my whereabouts" and that Petitioner and Cho had "numerous conversations about individuals that I believe that can help me out or assist me in my case." (*Id.* at 11126.) On cross-examination, Petitioner testified that his attorney prior to Cho informed Petitioner that Magic Mountain would have no video footage of the day of the shooting because the park records over the footage of previous dates. (*Id.* at 11133.) Petitioner also testified that he knew how important it was to identify any other witnesses who could place him at Magic Mountain on July 21, 2001. (*Id.*) Petitioner testified that he actively participated in his defense. (*Id.* at 11136-37.)

In his Objections, Petitioner does not identify any new witnesses, including any Magic Mountain employee, who could have corroborated his alibi defense and were not investigated by Cho. *See Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1996) (counsel is not required to investigate when client has "not supplied essential facts"). Accordingly, Petitioner has failed to support his allegation that his counsel was deficient. *See Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) ("there is no evidence in the record that his [alibi] witness actually exists"; petitioner "has not presented an affidavit from this alleged witness"; "[t]he facts in the record support the . . . conclusion[] that [Petitioner] did not provide sufficient evidence of [counsel]'s lack of preparation to prove that [counsel] was 'ineffective' under *Strickland*").

Petitioner's remaining objections are without merit. *See Collins v. Runnels*, 603 F.3d 1127, 1132-33 (9th Cir. 2010).

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:   September 22, 2010         _____
                                        STEPHEN V. WILSON
                                        United States District Judge

3